## 41064. ROYAL INDEMNITY COMPANY et al. v. INGALLS IRON WORKS COMPANY.

BELL, Presiding Judge. Ingalls Iron Works Company brought this action against Sam N. Hodges, Jr. & Company, Howard E. Caldwell d/b/a Caldwell Metal Company, and Royal Indemnity Company. Caldwell filed a plea in abatement based upon the pendency of another action, and this case was thereafter dismissed as to him.

Sam N. Hodges, Jr. & Company was the general contractor in the construction of the DeKalb County Armory and Royal Indemnity Company was surety upon the performance bond given by the general contractor as required by *Code Ann.* § 23-1705. Howard E. Caldwell, a subcontractor, fabricated and erected steel portions of the construction. Plaintiff alleges that it furnished the steel to Caldwell so used in the project, and seeks to recover $5,129.87 as the purchase price of the steel.

The trial court sitting without a jury, decided issues of fact as well as of law, and rendered judgment for plaintiff in the sum

sought. Defendants except to the judgment of the court denying their motion for new trial upon the general grounds. *Held:*

Defendants contend that plaintiff failed to show that certain steel purchased by Caldwell was used in construction of the Armory.

Evidence adduced at the trial showed that Ingalls' agent, Gilbert, accepted from Caldwell an initial order for all the steel purchased for the Armory. Caldwell's employee, Davis, had prepared shop drawings, based upon the architect's plans, of the steel to be fabricated and placed in the building by Caldwell. From the shop drawings, Davis, in Gilbert's presence, compiled a list of the steel required according to the drawings and the initial order was based on this list. Gilbert examined the shop drawings at the time the order was placed. Ingalls delivered the steel to Caldwell in several shipments, which were made as Caldwell required it according to progress of the work. These separate shipments of the steel were shown by several invoices introduced into evidence along with the shop drawings. Ingalls' sales engineer, Ferguson, testified to the effect that in comparing the invoices and the shop drawings he found that much of the steel shown in the drawings was listed in exact measurements on the invoices; that other steel listed in the invoices corresponded closely with the drawings; that while some of the steel was of standard measurements that would just as well fit other construction projects, in examining the invoices thoroughly he had found listed in them no steel that was not required by the drawings; that he concluded that the steel on the invoices was calculated and ordered for the Armory project. On the other hand, there was evidence that Caldwell was engaged in several construction projects at the same time and that stock-length steel ordered for the Armory could possibly have been mingled in Caldwell's inventory with steel for other projects and thus might not have been used in the Armory. Yet, there was no evidence showing that the steel for the Armory was in fact used in other projects.

The trial judge in his order denying the defendants' motion for new trial predicated the denial on the authority of *Ingalls Iron Works v. Standard Accident Ins. Co.*, 107 Ga. App. 454, 456-460 (1) (130 SE2d 606). We agree with the trial judge that the facts of that case are similar in all material aspects to the facts of this case. Accordingly the holdings of law so

expertly expressed by Judge Eberhardt in *Standard* are controlling here and require an affirmance of the trial court's judgment denying the motion for new trial.

With respect to the use of the steel the only issue raised here which was not treated in that case is the identification of the steel listed on the invoices as the steel furnished by Ingalls pursuant to the shop drawings. The opinion testimony of Ferguson and the drawings and invoices were sufficient to authorize a finding that the steel shipped was that which was ordered for the Armory.

In their answer defendants admitted receipt of copies of a letter by which plaintiff alleged that on November 10, 1961, it gave notice required by *Code Ann.* § 23-1708. The answer was silent as to plaintiff's averment of the date on which notice was given. One of the invoices introduced into evidence showed that the last shipment of steel for the Armory was made on August 31, 1961. This was proof that the notice was given within 90 days from the day on which plaintiff furnished the last of the material, as prescribed by *Code Ann.* § 23-1708.

*Judgment affirmed. Frankum and Hall, JJ., concur.*

Submitted January 11, 1965—Decided May 20, 1965.

*Haas, Holland, Freeman, Levison & Gilbert, Richard C. Freeman,* for plaintiffs in error.

*Westmoreland, Hall & Pentecost, Harry P. Hall, Jr.,* contra.